MR. JUSTICE WEBER
specially concurs and dissents as follows:
I have reviewed Chunkapura. While I dissented, I agree with the majority conclusion that a deficiency judgment is not allowed in the present case under the precedent of Chunkapura.
The majority opinion quotes from that portion of Chunkapura which noted that the banking and lending industry came to the legislature in 1963 and proposed a quid pro quo under which the banking industry would give up deficiency rights in return for the giving up by borrowers of the right of possession and redemption. I conclude that the record in the present case and the record in Chunkapura do not demonstrate the presence of any such exchange. I have reviewed the Small Tract Financing Act and find nothing to indicate any such quid pro quo. I dissent from the conclusion based on a claimed exchange of benefits which is not substantiated by the record.
I also dissent from the conclusion that First Federal is only entitled to attorney fees and trustee fees in the aggregate not exceeding 5% of the amount due on the obligation. Section 71-1-320, MCA, in relevant part states:
“Reasonable trustees’ fees and attorneys’ fees to be charged to the *303 grantor in the event of foreclosure by advertisement and sale shall not exceed, in the aggregate, 5% of the amount due on the obligation, both principal and interest, at the time of the trustee’s sale.” (Emphasis supplied.)
The statutes demonstrate that the 5% limitation applies only where the lender seeks to foreclose by advertisement and sale through a trustee under a deed of trust. That was not the procedure followed in the present case. Here the complaint was filed in the District Court for judicial foreclosure. The statutes allow First Federal to proceed through judicial foreclosure as described in § 71-1-311, MCA. First Federal here was entitled to proceed with judicial foreclosure even though Chunkapura may establish a limitation on deficiency judgment. The summary judgment denied that procedure to First Federal. The effect of the decision is to dismiss the judicial foreclosure which does not have a 5% limitation and then to apply the limitation. I do not agree with that reasoning.
MR. JUSTICE GULBRANDSON joins in the foregoing dissent.